SLD:PMP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ERICK RODRIGUEZ,
    also known as "Pito,"

        Defendant.

- - - - - - - - - - - - - - - -X

**M-06-988**

C O M P L A I N T

(T. 21, U.S.C. § 846)

EASTERN DISTRICT OF NEW YORK, SS:

    DUDLEY HARRIS, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

    Upon information and belief, in or about and between 2002 to September 2004, within the Eastern District of New York and elsewhere, the defendant ERICK RODRIGUEZ, also known as "Pito," did knowingly and intentionally conspire to distribute a controlled substance, which offense involved heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    (Title 21, United States Code, Section 846)

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

2

1. In or about August 2004, DEA agents arrested an individual ("CS-1") attempting to purchase heroin from a DEA confidential informant ("CI-1"). CI-1 met with CS-1 in Queens, New York to obtain payment for the heroin, which was to be provided at a later time. CI-1 was driven to the meeting by another DEA informant ("CI-2"), who remained in the car during the meeting.

2. Agents conducted surveillance of the meeting between CS-1 and CI-1, and observed a dark-colored Ford Explorer with New Jersey license plate RFX18J pull up near CS-1. Agents observed two unidentified males inside the Explorer. One unidentified male got out of the vehicle and engaged in a conversation with CS-1.

3. At some point during the meeting, CI-2 observed one of the males place a bag inside the car in which he was sitting. The bag was subsequently determined to contain $80,000.

4. The next day, CS-1 met again with CI-1 so that CS-1 could receive what he/she believed would be heroin from CI-1. CS-1 was arrested by DEA agents at that time.

5. CS-1 subsequently cooperated with agents, who have interviewed him/her on numerous occasions. The information provided by CS-1 in this investigation has proven to be accurate and reliable, and has been corroborated by, among other things, seizure of narcotics and statements from other sources.

6. During the course of the interviews of CS-1, CS-1 informed agents, in sum and substance, that an individual named "Pito" was the one who arrived in the Ford Explorer and gave the money to CI-1 during the meeting described above in Paragraphs 2-3. CS-1 stated that "Pito" worked for a drug distribution organization. Further, CS-1 stated that during approximately 2003 to 2004, CS-1 distributed multi-kilogram amounts of heroin to this organization.

7. Agents showed CS-1 a photograph of the defendant ERICK RODRIGUEZ, and CS-1 identified him as "Pito."

8. Unrelated to this investigation, on or about September 28, 2004, agents with U.S. Immigration and Customs Enforcement stopped the Ford Explorer described above, with New Jersey license plate RFX18J, while doing surveillance. They identified the driver as one "Erick Rodriguez," and found two bags that appeared to contain drug residue and seized one "brick-shaped object wrapped in white paper" that was ultimately determined to be $50,000 in cash.

4

WHEREFORE, your deponent respectfully requests that the defendant ERICK RODRIGUEZ, also known as "Pito," be dealt with according to law.

DUDLEY HARRIS
Special Agent
Drug Enforcement Administration

Sworn to before me this
20st day of September, 2006

KIYO A. MATSUMOTO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK